IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | : | |
|    JAMES E. REID, | : | |
|       Debtor | : | Civil No. L-06-2582 |
| | : | Bankruptcy Case No. 01-50422-SD |
| | : | |
| JAMES E. REID, | : | |
|       Appellant | : | |
| | : | |
|    v. | : | |
| | : | |
| KNARF INVESTMENTS, | : | |
|       Appellee. | : | |

**MEMORANDUM**

Pending before the Court is James E. Reid's appeal from orders entered in his Chapter 13 bankruptcy case. Appellee Knarf Investments ("Knarf") moved to dismiss for lack of jurisdiction. For the reasons stated herein, the Court will, by separate Order, (i) GRANT Knarf's motion, (ii) DISMISS the appeal for lack of jurisdiction, and (iii) DIRECT the Clerk to CLOSE the case.[1]

**I.     Background**

On January 10, 2001, Reid filed a Chapter 13 bankruptcy petition. Ellen Cosby was named as Chapter 13 Trustee. On June 27, 2001, the Bankruptcy Court confirmed a plan that obligated Reid to make monthly payments of $2,077 to the Trustee, to be distributed to a number of creditors. Knarf Investments, which held a mortgage on property that Reid owned in Baltimore City, was one of those creditors. When Reid filed his petition in bankruptcy, Reid

---

[1] Reid filed motions seeking an extension of time in which to file (i) his brief in support of the appeal and (ii) an addendum to that brief. Reid has since filed his brief and the addendum. The Court will GRANT Reid's extension motions NUNC PRO TUNC. (Docket Nos. 17, 21.)

owed $32,545.41 on the mortgage.

Reid eventually fell behind in his payments and the Bankruptcy Court dismissed Reid's case on August 6, 2004. Reid appealed to this Court. Simply put, he alleged a conspiracy between Knarf and his attorney, Joseph Gibson. He claimed that Knarf wanted to foreclose on his property, but could do so only if the bankruptcy case was dismissed. Knarf and Gibson conspired to deprive Reid of the opportunity to cure his arrearage with the Trustee, Reid claimed. Reid faulted the Bankruptcy Court for failing to detect the Knarf-Gibson conspiracy and for failing to protect him from their machinations. He also claimed that the Bankruptcy Court lacked jurisdiction to dismiss the case and to enter other orders in the case.

In a September 28, 2005 Memorandum and Order, this Court affirmed the Bankruptcy Court's decisions. (See Reid v. Knarf Investments, Civil No. L-04-2899, Docket Nos. 27, 28.) Reid then appealed to the Fourth Circuit, which affirmed this Court's ruling on May 1, 2006.

In June and July 2006, Reid filed three motions. Two requested the Bankruptcy Court to revisit orders that had been entered years earlier. The third asked the Bankruptcy Court to reopen his bankruptcy case. On August 4, 2006, the Bankruptcy Court denied Reid's motions. (See Bankruptcy Court Docket Nos. 346, 347, 348.)

On September 5, 2006, Reid filed a Notice of Appeal, which states that he is appealing two of the Bankruptcy Court's August 4, 2006 Orders. It also states that he is appealing Docket No. 352, which is a motion that he filed seeking reconsideration of one of the Bankruptcy Court's August 4, 2006 Orders. The Bankruptcy Court has not ruled on the motion for reconsideration. On September 8, 2006, Reid filed an Amended Notice of Appeal, which added the third August 4, 2006 Order to the list of Orders that he is appealing. In the instant appeal,

Reid appears to be arguing that Knarf, the Bankruptcy Court, the Chapter 13 Trustee, and Reid's former counsel are conspiring to take his property from him.

Knarf filed the instant motion to dismiss, arguing that Reid did not timely file his notice of appeal and that, as a result, this Court lacks jurisdiction over the appeal. The Court agrees.

## II.   Analysis

### A.   August 4, 2006 Orders

The Federal Rules of Bankruptcy Procedure state that a "notice of appeal shall be filed with the [bankruptcy] clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). The Rules allow an appellant to seek an extension of the ten-day period: "A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." Id. 8002(c)(2). The failure to file a timely appeal is a "jurisdictional defect barring appellate review by the district court." In re Silver Oak Homes, Ltd., 169 B.R. 349, 350-51 (D. Md. 1994) (quoting In re Herwit, 970 F.2d 709, 709-10 (10th Cir. 1992)).

The Orders that Reid seeks to appeal were entered on August 4, 2006. Accordingly, Reid had ten days from that date to file his notice of appeal.[2] He did not file his initial Notice of Appeal until September 5, 2006, thirty-two days later. He did not file his Amended Notice of

---

[2] Intermediate weekend days and legal holidays are included in the ten-day window. See Fed. R. Bankr. P. 9006(a) (stating that such days are excluded when the "period of time prescribed or allowed is less than 8 days").

Appeal until September 8, 2006, thirty-five days later.  Reid never filed a motion to extend the ten-day appeal period.  Accordingly, Reid's Notice of Appeal and Amended Notice of Appeal were untimely, and the Court lacks jurisdiction over his appeal of the August 4, 2006 Orders.

### B.  Motion for Reconsideration

Reid seeks to appeal the Motion for Reconsideration that he filed on August 16, 2006.  The Bankruptcy Court has not ruled on that Motion.  Accordingly, there is no Bankruptcy Court order to appeal, and this Court lacks jurisdiction to rule on Reid's Motion for Reconsideration.  See 28 U.S.C. § 158(a) (stating that District Court has appellate jurisdiction over orders of the Bankruptcy Court); In re St. Clair, 251 B.R. 660, 669 (D.N.J. 2000) (stating that court was without jurisdiction to rule on motions that were not ruled on by the bankruptcy court), aff'd, St. Clair v. Wood, 281 F.3d 224 (3d Cir. 2001).

### III.  Conclusion

For these reasons, the Court will, by separate Order, (i) GRANT's Knarf's motion to dismiss (Docket No. 12), (ii) DISMISS Reid's appeal, and (iii) DIRECT the Clerk to CLOSE the case.

Dated this 5th day of April, 2007.

_____/s/_____
Benson Everett Legg
Chief Judge